(No. 821—Claimant awarded $318.56.)

CLARK COAL & COKE Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1926.*

WAR TAX—*when State liable to refund.* Where coal is furnished, to a Department of the State, under a contract and the bid accepted did not include the Federal War Tax, and it was represented by the proper State authorities at the time the bid was accepted that there would be no war tax, and afterwards claimant was required by the Federal authorities to pay the tax: *Held.* The State is liable to reimburse claimant for the tax paid.

STEVENS & HERNDON, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The facts disclosed in this claim and by the testimony offered, are that the State of Illinois purchased coal from claimant for certain of the State Institutions; that the bids for said coal were made at a lump sum price consisting of two amounts, one the purchase price of the coal, and the other the freight rate from the mine from which the coal was to be furnished to the institution to which it was shipped. The freight rate set out in said bids and order did not include a war tax. It appeared that the defendant from the local Federal Internal Revenue office received advice that war tax was not due the Federal Government on shipments of coal purchased by the

State and the Federal Government afterwards insisted on the payment of such tax which amounted to $318.56, which amount was paid by the claimant. It further appears from the evidence and statements that the defendant through its Division of Purchases and Supplies represented that there would be suffering in State institutions unless they were furnished coal at that time, and it further appears from the evidence that the coal supply of claimant was contracted for through other channels. However it appears from the evidence that claimant not withstanding the demands from other sources furnished the coal for our State Institutions at a price below the market price. In fact it appears that the freight was advanced by claimant in good faith and it was understood by defendant in like manner that there would be no war tax. Therefore, it would appear to this court that in face of the facts disclosed that as a matter of equity and good conscience, if not as a matter of law, that the State should reimburse the defendant, for the amount of this tax. If it were known at the time of the transaction, the tax would have been added and paid by the defendant as a matter of course.

Therefore, it is ordered by the Court that the claimant be allowed the sum of $318.56.